Kirk KNOUS, as Executor of the Estates of James Judson, Jr., Deceased, and Elizabeth Ann Judson, Deceased; and Dean Judson, Individually and as Survivor of James Judson, Jr., Deceased, and Elizabeth Ann Judson, Deceased; and Lauren Judson, Individually and as Survivor of James Judson, Jr., Deceased, and Elizabeth Ann Judson, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 2:13–cv–00075–WCO.

United States District Court, N.D. Georgia, Gainesville Division.

Nov. 7, 2013.

John D. McClune, Schaden Katzman Lampert & McClune, David I. Katzman, Patrick James Gallagher, Katzman Lampert & McClune, Troy, MI, E. Alan Armstrong, Alan Armstrong, Attorney at Law, Atlanta, GA, for Plaintiffs.

Sharon Douglas Stokes, Office of United States Attorney, Atlanta, GA, Colleen Conlin, David Fautsch, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER

WILLIAM C. O'KELLEY, Senior District Judge.

The court has before it for consideration defendant's motion to strike footnote 1 and paragraphs 21 and 22 of plaintiffs' complaint [31]. The contested material references probable cause findings in a National Transportation Safety Board ("NTSB") report. Defendant contends that the contested portions of plaintiffs' complaint violate statutory prohibitions against the use of NTSB causation determinations in civil litigation. *See* 49 U.S.C. § 1154(b).

Plaintiffs claim that the FAA's air traffic controllers failed to warn plaintiffs of adverse weather conditions, resulting in the break up of plaintiffs' aircraft and the deaths of the aircraft's occupants. Paragraph 21 states that "[t]he NTSB investigation found, in part, that the air traffic controllers' failure to report precipitation information was a cause of the accident." (Compl. ¶ 21, ECF No. 1.) Paragraph 22 states that "[a]lternative causes of the subject aircraft's inflight break-up were ruled out by the NTSB" after the NTSB examined the flight wreckage and other relevant information. (*Id.* at ¶ 22.) Footnote 1 contains a hyperlink to the NTSB report. (*See id.* at ¶ 14 n. 1.)

Defendant claims the contested material violates the statutory prohibition against using "Board accident reports" in litigation. *See* 49 U.S.C. § 1154(b); 49 C.F.R. § 835.2. Plaintiffs admits that paragraph 21 should be stricken but claim that paragraph 22 is admissible. Plaintiffs characterize paragraph 21 as an inference based on the condition of the evidence described in the Air Traffic Controllers Group Chairman's Factual Report ("ATC Report"). (Resp. Def.'s Mot. Strike 2, ECF No. 33.) Plaintiffs maintain that NTSB findings other than the NTSB's probable cause finding are admissible. (*Id.* at 3.)

## I. Standard of Review

■■■ Motions to strike allow a court to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are disfavored and will usually be denied unless the pleading sought to be stricken is clearly insufficient as a matter of law. *Bank of the Ozarks v. 400 South Land Co., LLC,* 2012 WL 3704807, at *5 (N.D.Ga. Aug. 27, 2012) (Story, J.) (citation omitted). Generally, a court will not exer-

cise its discretion to strike "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of the Ozarks v. Khan,* 903 F.Supp.2d 1370, 1376 (N.D.Ga.2012) (Evans, J.) (citation omitted).

## II. Plaintiffs' References to the NTSB Report Are Barred by Statute

Plaintiffs do not contest defendant's motion to strike regarding footnote 1 and paragraph 21. (*See* Resp. Def.'s Mot. Strike 2, ECF No. 33.) Therefore, the sole question raised by defendant's motion to strike is whether plaintiffs' allegations in paragraph 22 are barred by 49 U.S.C. § 1154(b). The court finds that they are.

 49 U.S.C. § 1154(b) forbids the use of any "Board accident report" in civil litigation. *See also* 49 C.F.R. § 835.2. A Board accident report is the report containing the NTSB's determinations, including the probable cause of an accident. *See id.* No part of a Board accident report "may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports." *See id.* However, "factual accident reports" receive different treatment; factual accident reports, including group chairman reports in major investigations, are admissible in civil litigation. *See id.; see also Chiron Corp. v. NTSB,* 198 F.3d 935, 940–41 (D.C.Cir.1999). The difference between Board accident reports and factual accident reports is that Board accident reports actually determine causation, while factual accident reports merely recite the relevant facts. Congress drew the distinction because "NTSB investigatory procedures are not designed to facilitate litigation, and Congress has made it clear that the Board should not be used to the advantage or disadvantage of any party in a civil suit." *See Chiron Corp.,* 198 F.3d at 940.

Clearly, paragraph 22 is a reference to statutorily barred evidence when read in conjunction with paragraph 21. As plaintiffs freely admitted, paragraph 21 states the NTSB's probable cause findings. (*See* Resp. Def.'s Mot. Strike 2, ECF No. 33.) Paragraph 22 is an inference based on the NTSB's probable cause findings. In other words, the paragraph alleges that the NTSB did not find contributing causes *other than* the causes listed in the Board accident report. Allowing plaintiffs to allege what the NTSB *did not* find to be a cause of the crash still improperly entangles the NTSB in private civil litigation. Given the clear statutory language that no part of a Board accident report may be submitted into evidence "*or used*" in a civil action, plaintiffs' attempt to backdoor NTSB findings into civil litigation is impermissible.

Plaintiffs offers to rephrase paragraph 22 to read "[a]lternative causes were ruled out after examining [relevant information]." Passive voice may obscure who made the determination but does not change the fact that the allegation impermissibly draws from the NTSB's Board accident report. Moreover, plaintiffs' revised allegation becomes totally meaningless without paragraph 21. If the court accepted the redaction, the allegation would beg the question: If this unknown entity ruled out alternative causes, what actually caused the accident? This question leads directly to the NTSB's probable cause finding contained in the Board accident report.

Therefore, defendant's motion to strike [31] is hereby **GRANTED.** Footnote 1 and paragraphs 21 and 22 of plaintiffs' complaint are hereby **STRICKEN.**